UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUGDALE COMMUNICATIONS, INC., | ) | |
|     Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALCATEL-LUCENT USA, INC., et al., | ) | 1:09-cv-960-JMS-TAB |
|     Defendants/Counter- | ) | |
|     Plaintiffs/Third-Party Plaintiffs. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| G3 PARTNERS, INC., | ) | |
|     Third-Party Defendant. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED ANSWER**

**I.    Introduction**

Leave to amend pleadings is freely granted when justice requires. But when, as in this case, a party waits until significant deadlines have passed to seek leave to make amendments that could have been made earlier, and which would unduly prejudice the opposing party, justice requires denial of leave to amend.

**II.   Background**

This lawsuit arises from a telecommunications deal gone bad. According to Dugdale, in 2004 Alcatel sought to manufacture Dugdale products and have Dugdale service and sell Alcatel products in and around Chicago. Dugdale did not have a Chicago office, but Alcatel represented that if Dugdale opened one, Alcatel would subcontract to Dugdale maintenance services on the Advocate Health Care Network—a deal Dugdale believes was worth nearly $1 million. Dugdale and Alcatel signed a Value Added Reseller Agreement and a Business Partner Program

Agreement, and Dugdale set up shop near Chicago at great expense.  Dugdale sold Alcatel products for a time, but there were problems, and Alcatel ultimately notified Dugdale that it would not receive the Advocate Health Care Network subcontract.  Dugdale sued Alcatel in July 2009, alleging promissory estoppel, fraud, and constructive fraud.  [Docket No. 1-1.]

Since the case was filed, Dugdale has amended its complaint [Docket No. 43], trial has been continued [Docket No. 49], and CMP deadlines have been enlarged twice.  [Docket No. 73.]  The deadlines for amending pleadings, conducting discovery, and filing dispositive motions have passed, and trial is set for June 6, 2011.  [Docket Nos. 36, 49.]  With trial approaching and Dugdale's partial summary judgment motion pending, Alcatel seeks to amend its answer to reverse its statement that the parties' Value Added Reseller Agreement superseded the Business Partner Program Amendment and to add a statute of frauds affirmative defense.  [Docket No. 78.]

### III. Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend a pleading as a matter of course, it may amend "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The rule reflects a liberal view toward amendments, but "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."  *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

### A. Relationship between agreements

Alcatel's answer states that the Value Added Reseller Agreement superseded the Business Partner Program Agreement. [Docket No. 51 at ¶ 18.] Alcatel maintained this position throughout discovery, including in its April 23, 2010, amended responses to interrogatories and requests for production. [Docket No. 90, Ex. C at 9 ("Pursuant to paragraph 24.9 of the Value Added Reseller Agreement, it 'supersedes any and all prior oral or written agreements . . . .'").] On October 15, 2010, Dugdale moved for partial summary judgment, arguing that the Value Added Reseller Agreement superseded the Business Partner Program Agreement to bar over half of Alcatel's damages. [Docket Nos. 61–62.] Dugdale asserts a compelling position that this summary judgment argument precipitated Alcatel's change in course—Alcatel moved for leave to amend its answer on December 13, and Alcatel's December 15 summary judgment response argues that the Value Added Reseller Agreement does not supersede the Business Partner Program Agreement. [Docket No. 86 at 5 ("the VARA Does Not Supersede the BPP").]

Alcatel concedes that it had not fully considered whether the latter agreement superseded the former until it was time to respond to summary judgment, but argues that amendment is necessary because its statement is an incorrect legal conclusion. Alcatel also stresses that courts prefer to resolve cases on the merits rather than on procedural technicalities, citing the Supreme Court's admonition that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." [Docket No. 95 at 2 (quoting *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).]

But the misstep excused in *Foman*—failure to include items in a notice of appeal—was a true procedural technicality. The parties argued the appeal on the merits, and the appellate court

was first to raise procedural problems. 371 U.S. at 180. Further, the procedural defects "did not mislead or prejudice the respondent." *Id.* at 181. Alcatel's situation is quite different. Dugdale conducted discovery and moved for summary judgment on the basis of the second agreement superseding the first, and permitting Alcatel to reverse course after key deadlines have passed prejudices Dugdale. Moreover, Alcatel has presented no reason why it waited to consider this issue until preparing its summary judgment response. For whatever reason, this issue was not apparent to Alcatel until Dugdale put its summary judgment cards on the table. But by then it was too late to change the game. The Court therefore denies Alcatel's motion for leave to amend its admission.

### B. *Statute of frauds*

Alcatel seeks to add an affirmative defense that "DCI's claims regarding maintenance for Advocate Health and Hospitals Corporation are barred by the Statute of Frauds, Indiana Code § 32-21-1-1." [Docket No. 78 at 5.] Alcatel asserts that this defense became apparent only after investigation and discovery, and justice requires its addition. Dugdale responds that Alcatel unduly delayed in bringing this amendment, that the amendment would create undue prejudice, and that the amendment is futile. [Docket No. 90 at 7–11.]

Indiana's statute of frauds provides that a person may not sue to enforce a contract that cannot be performed within one year unless the contract is a signed writing. Ind. Code § 32-21-1-1. Alcatel argues that the alleged promise for Advocate Healthcare maintenance involved work that could not be performed in a year, and that any claim by Dugdale to recover on that promise would be barred because there is no signed writing to evidence it. [Docket No. 95 at 7–9.]

4

Alcatel fails to set forth any valid basis for why it would not have known of the existence of signed agreements to which it would have been a party until nearly six years after the relevant transactions. Alcatel blames its lack of knowledge on Dugdale, arguing that Dugdale improperly refused to admit the absence of a signed agreement[1] and failed to point to supporting documents as requested. Alcatel claims it first learned that there was no signed contract at the November 29, 2010, deposition of Angela Witham, who testified that Dugdale never signed an agreement that Alcatel would provide Dugdale with the Advocate Healthcare maintenance. [Docket No. 95, Ex. C at 176.] On December 15, 2010, Dugdale admitted that "there is no document signed by both Dugdale and Alcatel for the annual maintenance for the entire Advocate Health Care network." [Docket No. 95, Ex. D at 15.] Alcatel argues that it "should not be punished for being misled and relying on [Dugdale's] incorrect factual representations." [Docket No. 95 at 9.]

Alcatel's effort to shift the blame on this issue is not convincing. While Dugdale's discovery responses may not have been entirely consistent, Alcatel waited to depose Witham until the day before the discovery deadline. [Docket No. 90 at 7.] As a result of this and other circumstances, Alcatel cannot in fairness claim that it now should be allowed to add a claim based on something it should (or easily could) have known long ago. The Court has already enlarged CMP deadlines twice and recently declined to further delay progress in this case. [Docket No. 73.] Accordingly, the Court denies Alcatel's motion for leave to add a statute of

---

[1]On June 25, 2010, Dugdale denied Alcatel's request for admission that "Neither the Agreement for Alcatel Internetworking, Inc. Business Partner Program, made as of January 19, 2005, . . . the parties' Value-Added Reseller Agreement signed by DCI on April 13, 2006, the Independent Contractor Services Agreement between Alcatel and DCI made and effective March 22, 2006 . . . nor any other contract or agreement signed by both Alcatel and DCI, stated or provided that Alcatel would subcontract to DCI the annual maintenance for the Advocate Heathcare network." [Docket No. 95, Ex. A at 4.]

frauds defense.

**IV.    Conclusion**

For these reasons, Alcatel Defendants' motion for leave to file an amended answer [Docket No. 78] is denied.

Dated: 02/11/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Alan Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
rgibson@beneschlaw.com

Jesse A Kaplan
Freedman & Taitelman LLP
1901 Avenue of the Stars Suite 500
Los Angeles, CA 90067

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, &
ARONOFF, LLP
mwaterfill@beneschlaw.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com