UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUGDALE, INC., | ) | |
|     *Plaintiff/Counter-Defendant*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| ALCATEL-LUCENT USA, INC., *et al.*, | ) | 1:09-cv-0960-JMS-TAB |
|     *Defendants/Counter-Plaintiffs/Third-* | ) | |
|     *Party Plaintiffs,* | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| G3 PARTNERS, INC., | ) | |
|     *Third-Party Defendant.* | ) | |

**ORDER OVERRULING ALCATEL'S OBJECTION
TO DENIAL OF MOTION FOR LEAVE TO AMEND ANSWER**

Presently before the Court is Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Alcatel-Lucent USA, Inc., Alcatel USA Marketing, Inc., and Alcatel Interworking, Inc.'s (collectively, "Alcatel") Objection to Magistrate Judge's Order Denying Alcatel's Motion for Leave to File Amended Answer. [Dkt. 149.] Alcatel sought leave to amend its answer to Plaintiff Dugdale Communications, Inc.'s ("Dugdale") Amended Complaint to delete an admission and add the statute of frauds as an affirmative defense. For the reasons set forth herein, the Court overrules Alcatel's objection.

**I.
STANDARD OF REVIEW**

The parties dispute the applicable standard of review.

Alcatel initially asserts that a clear error standard applies pursuant to Federal Rule of Civil Procedure 72(a) because the magistrate judge's order dealt with non-dispositive issues. [Dkt. 149 at 1-2.] Later in its objection, however, Alcatel argues that the magistrate judge's order "po-

- 1 -

tentially has the impact of providing a dispositive ruling" and, thus, the Court could review the order *de novo*. [*Id.* at 7.]

Dugdale acknowledges the clearly erroneous or contrary to law standard, but also asserts that the Court should consider the appellate standard of review for leave to amend pleadings, which is an abuse of discretion standard. [Dkt. 151 at 2.]

Trial Rule 72(a) provides that the Court must consider timely objections to nondispositive motions and modify or set aside any part of the magistrate judge's order that is clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A) (providing that the district court can reconsider any pretrial matter decided by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law). The clear error standard means that the Court can overturn the magistrate judge's ruling only if it is left with the definite and firm conviction that a mistake has been made. *Cool v. BorgWarner Diversified Transmission Prods.*, 2003 U.S. Dist. LEXIS 20137, *2-*3 (S.D. Ind. 2003).

Despite Alcatel's assertion that the magistrate judge's order is "potentially" dispositive, the Seventh Circuit Court of Appeals has held that a magistrate judge's denial of a motion to amend is not dispositive and is subject to review only for clear error. *Hall v. Norfolk Southern Railway Company*, 469 F.3d 590, 595 (7th Cir. 2006); *see also Massey v. Ameriquest Mortg. Co.*, 2010 U.S. Dist. LEXIS 10386 *3 (S.D. Ind. 2010). The statute that provides the authority for magistrate judges to rule on certain motions excludes specifically identified dispositive motions, but that list does not include a motion for leave to amend the pleadings. *Id.* (citing 28 U.S.C. § 636). Therefore, a clearly erroneous or not contrary to law standard applies to the Court's review of this matter.

# II.
## DISCUSSION

### A. Relationship Between Agreements

In response to Dugdale's Amended Complaint, Alcatel admitted that the Value Added Reseller Agreement ("VARA") superseded the parties' Business Partner Program Agreement ("BPPA"). [Dkt. 51 at 3 ¶ 18.] Alcatel does not dispute that it maintained this position throughout discovery. Dugdale moved for partial summary judgment and designated Alcatel's admission as support for its position that the VARA superseded the BPPA. [Dkt. 62 at 3 (citing dkt. 63-5 at 3 ¶ 18).]

On December 13, 2011—five months after the deadline to amend the pleadings, three months after the close of discovery, and two days before filing its response to Dugdale's summary judgment motion—Alcatel moved for leave to amend its answer to deny its previous admission that the VARA superseded the BPPA. [Dkts. 36 at 5, 6; 78.] Magistrate Judge Baker denied Alcatel's request for leave to amend.

The Court agrees with Magistrate Judge Baker that Dugdale asserts a compelling argument that its summary judgment motion precipitated Alcatel's decision to seek to amend its answer. [Dkt. 143 at 3.] In fact, Alcatel's first argument in response to Dugdale's summary judgment motion is premised on Alcatel's new contention that the VARA does not supersede the BPPA. [Dkt. 86 at 5.] Allowing Alcatel to change its position on this issue months after the close of discovery and after Dugdale relied on Alcatel's admission in its motion for summary judgment would unduly prejudice Dugdale. For these reasons, the Court concludes that Magistrate Judge Baker's decision was not clearly erroneous or contrary to law and overrules Alcatel's objection.

### B. Statute of Frauds

Alcatel also sought leave to plead the statute of frauds as an affirmative defense. [Dkt. 78 at 5.] Alcatel claims that it first learned that a signed contract did not exist regarding annual maintenance for the Advocate System at a November 2010 deposition. But that claim rings hollow. Once aware that the existence of such agreement was alleged by Dugdale, Alcatel could have searched its own records and found no written contract. Moreover, in propounding its own discovery in June 2010, Alcatel sought an admission that no such agreement existed. [Dkt. 95-1.] Alcatel obviously believed that to be the case and held that belief even before it filed its Answer to Dugdale's Amended Complaint on August 6, 2010. Alcatel was not above shotgun pleading, [*see* dkt. 13 at 6-9 (asserting sixteen affirmative defenses)], and certainly could have added the statue of frauds defense to its August 6, 2010 Answer.

While Alcatel makes a plausible argument for why it might have received leave to amend in light of Dugdale's less than clear discovery responses, it has not come close to establishing that Magistrate Judge Baker's decision was clearly erroneous or contrary to law. Because the Court concludes the decision was sound, Alcatel's objection is overruled.

### III.
#### CONCLUSION

Magistrate Judge Baker's ruling was neither clearly erroneous nor contrary to law. Therefore, Alcatel's objection to the denial of its motion for leave to amend its answer is **OVERRULED**. [Dkt. 149.]

03/23/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Alan Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com