UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUGDALE, INC., | ) | |
| *Plaintiff/Counter-Defendant*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| ALCATEL-LUCENT USA, INC., *et al.*, | ) | 1:09-cv-0960-JMS-TAB |
| *Defendants/Counter-Plaintiffs/Third-Party Plaintiffs*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| G3 PARTNERS, INC., | ) | |
| *Third-Party Defendant.* | ) | |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT
## IN FAVOR OF DUGDALE ON CLAIMS FOR NON-PAYMENT UNDER THE BPPA

Presently before the Court is Plaintiff/Counter-Defendant Dugdale, Inc.'s ("Dugdale")

Motion for Partial Summary Judgment. [Dkt. 61.] The motion is limited to Dugdale's claim for

declaratory judgment and to Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Alcatel-Lucent

USA, Inc., Alcatel USA Marketing, Inc., and Alcatel Interworking, Inc.'s (collectively, "Alca-

tel") claims against Dugdale to the extent those claims seek damages under the parties' Business

Partner Program Agreement ("BPPA"). [Dkt. 61.]

## I.
### SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks that the Court find that a trial based on the uncon-

troverted and admissible evidence is unnecessary because, as a matter of law, it would conclude

in the moving party's favor. *See* Fed. R. Civ. Pro. 56. When evaluating a motion for summary

judgment, the Court must give the non-moving party the benefit of all reasonable inferences

from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for

trial . . . against the moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).

Nevertheless, "the Court's favor toward the non-moving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). The non-moving party must set forth specific facts showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex*, 477 U.S. at 323. The key inquiry is the existence of evidence to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).

## II.
### BACKGROUND

This lawsuit arises from a telecommunications deal where communication allegedly went awry. Dugdale and Alcatel entered into the BPPA on January 19, 2005. [Dkt. 63-6 at 1.] The BPPA states, in relevant part, "[e]xcept for product liability and patent infringement claims, no claim arising out of this Agreement may be brought by either party more than two (2) years after the cause of action accrued, or, in the case of a claim for non-payment, more than two (2) years after the date of the last payment." [Dkt. 63-6 at 17 ¶ 17.4.]

Dugdale and Alcatel entered into the Value Added Reseller Agreement ("VARA") on

April 13, 2006.  [Dkt. 63-7 at 16.]  The VARA supersedes the BPPA.[1]

Alcatel filed a Complaint against Dugdale for non-payment in the United States District Court for the Central District of California in March 2009, and that action was transferred to this Court in March 2010.  *Alcatel-Lucent USA Inc., et al. v. Dugdale Commc'n, Inc., et al.*, Cause No. 1:10-cv-0278-LJM-TAB [dkts. 1; 72[2]].  Alcatel filed a Second Amended Complaint against Dugdale and Third-Party Defendant G3 Partners, Inc. ("G3"), in May 2010, alleging that Dugdale and G3 failed to pay for $553,793.09 of goods that Alcatel delivered to Dugdale.  [*Id.* at 89 at 5-7.]

Dugdale seeks summary judgment on its declaratory judgment claim and on Alcatel's claims to the extent Alcatel seeks damages under the BPPA.

## III.
### DISCUSSION

The parties agree that the BPPA is governed by California law.  [Dkt. 63-6 at 17 ¶ 17.6.] Under California law, if a contract's terms are unambiguous, the Court may interpret the contract without extrinsic evidence.  *Brawders v. County of Ventura*, 503 F.3d 856, 863 (9th Cir. 2007).

---

[1] Alcatel admitted in its Answer that the VARA supersedes the BPPA.  [Dkt. 63-5 at 3.]  This constitutes a binding judicial admission that withdraws that fact from contention.  *See Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 669 (7th Cir. 2007) (holding that an admission in an answer is a binding judicial admission unless the district court allows an amended pleading); *Reynolds v. Comm'r of IRS*, 296 F.3d 607, 612 (7th Cir. 2002) (holding that judicial admissions are formal concessions in the pleadings that are binding upon the party making them, may not be controverted at trial or on appeal, and withdraw the fact from contention).  Although Alcatel attempted to recant this position by filing a Motion to Amend its Answer five months after the deadline to amend the pleadings had passed and in response to Dugdale's Motion for Summary Judgment, [dkt. 78], it was denied leave to do so, [dkts. 143; 153].  Therefore, the Court will not address Alcatel's arguments that the VARA does not supersede the BPPA.  [*See, e.g.*, dkts. 86 at 5-7; 115 at 2-4.]

[2] Alcatel's action was initially assigned its own cause number, but it was later consolidated with Dugdale's action against Alcatel in June 2010 at the parties' request.  *Alcatel-Lucent USA Inc., et al. v. Dugdale Commc'n, Inc., et al.*, Cause No. 1:10-cv-0278-LJM-TAB [dkts. 93; 94].

The primary goal of contract interpretation is to give effect to the parties' intent as it existed at the time of contracting. *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1023 (Cal. App. 2009). Intent is to be inferred, if possible, solely from the language of the written contract. *Id.*

The parties do not dispute that the unambiguous language of the BPPA requires a party to bring an action for non-payment within two years of the date of the last payment. [Dkt. 63-6 at 17 ¶ 17.4.] Instead, the parties dispute the date on which Dugdale made its last payment under the BPPA.

Dugdale contends that its last payment under the BPPA occurred on July 31, 2006. [Dkt. 62 at 3 (citing dkts. 63-8 at 3 ¶¶ 11-14; 63-15; 63-16; 63-17).] Because Alcatel did not file suit against Dugdale until March 2009, Dugdale argues that $344,552.17 of Alcatel's claimed damages are barred by the two-year limitation in the BPPA. [Dkts. 43 at 10; 61; 98 at 4-5.]

In support of its position, Dugdale designates an affidavit from its President Bill Dugdale, attesting that (1) he reviewed a spreadsheet Alcatel produced supporting its total amount of damages; (2) he reviewed Dugdale's books and records to determine the dates that corresponded with each purchase order on Alcatel's spreadsheet; and (3) he sorted the spreadsheet by the purchase dates to determine which orders were placed under the BPPA before the VARA was executed on April 13, 2006. [Dkt. 63-8 at 2.] Dugdale also designates Alcatel's original damages spreadsheet, 155 pages of purchase orders, the spreadsheets Mr. Dugdale created, and the purchase order, invoice, and check for its July 31, 2006 payment. [Dkts. 63-9 to 63-14.] Based on this evidence, Mr. Dugdale determined that the last order Dugdale placed under the BPPA occurred on April 4, 2006, [dkt. 63-8 at 3 ¶ 11 (citing dkt. 63-15)], and that Dugdale paid for that order on July 31, 2006, [dkt. 63-8 at 3 ¶ 14 (citing dkt. 63-17)]. Mr. Dugdale also concludes that

$344,552.17 of the damages Alcatel seeks is based on alleged non-payment of orders made under the BPPA. [Dkts. 62 at 6-7; 63-8 at 3 ¶ 9 (citing 63-13).]

In response to Dugdale's argument, Alcatel hangs its metaphorical hat on the fact that it received a payment from Dugdale on April 20, 2007, which is less than two years before it filed suit against Dugdale in March 2009. [Dkt. 86 at 3 (citing dkt. 87-6 at 3 ¶ 5).] While Dugdale does not dispute that it made payments to Alcatel after July 31, 2006, it argues that because the VARA supersedes the BPPA, the relevant date for purposes of the two-year limitation is the last date on which Dugdale paid Alcatel for products purchased before the VARA was executed on April 13, 2006. [Dkt. 98 at 4.]

Alcatel ignores that the purchase order it designates as support for the April 20, 2007 payment is dated April 2, 2007—almost one year after the VARA was executed.[3] [Dkt. 87-9 at 2.] Because the VARA supersedes the BPPA, the BPPA (and its two-year limitation for non-payment actions) governs orders that Dugdale placed before the VARA was executed on April 13, 2006. Put another way, orders placed after April 13, 2006, and the subsequent payments on those orders, are not governed by the BPPA because that contract had been superseded by the VARA at the time those orders and payments occurred.

Based on the evidence in the record, Dugdale's last order under the BPPA was placed on April 4, 2006 and paid for on July 31, 2006. [Dkts. 63-15; 63-17.] Alcatel did not file suit for

---

[3] Alcatel designates a letter that Mr. Dugdale authored in April 2009 indicating that he thought Alcatel filed suit in March 2009 because the statute of limitations on its claim was about to expire. [Dkt. 87-10.] Alcatel argues that this letter proves that Mr. Dugdale thought Dugdale made the April 2007 payment under the BPPA, not the VARA. [Dkt. 86 at 7-8.] In addition to ignoring that the purchase order preceding the April 2007 payment occurred almost a year after the VARA was executed, Alcatel's argument requires an unreasonable inferential leap that is unsupported by Mr. Dugdale's letter. Additionally, this argument is a veiled attempt to argue that the VARA does not supersede the BPPA. Alcatel has made a binding judicial admission that the VARA supersedes the BPPA, which it cannot contradict. *See supra*, n.1.

non-payment against Dugdale until March 2009. Therefore, the Court concludes that Alcatel's claims for non-payment against Dugdale are barred to the extent Alcatel seeks damages under the BPPA.

Turning to the amount of damages at issue, Dugdale designates evidence that $344,552.17 of Alcatel's alleged damages stem from amounts related to the non-payment of purchase orders under the BPPA. [Dkts. 63-8 at 2 ¶¶ 4-9; 63-9 to 63-17.] Alcatel does not dispute this evidence or offer a different calculation of the amount of damages at issue. *See MMG Fin. Corp. v. Midwest Amusement Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011) (holding that once the movant has met its burden on summary judgment, the non-movant bears the burden of "pointing to evidence" raising a genuine issue of material fact and, if this does not happen, the district court should grant summary judgment in favor of the movant). Based on the evidence in the record, there is no genuine issue of material fact that $344,552.17 of the damages Alcatel seeks against Dugdale is time-barred under the BPPA. Therefore, Dugdale is entitled to partial summary judgment on its claim for declaratory judgment and on Alcatel's claims to the extent Alcatel seeks to recover $344,552.17 for non-payment under the BPPA.

## IV.
### CONCLUSION

For the reasons detailed herein, Dugdale's Motion for Partial Summary Judgment is **GRANTED** and summary judgment is entered in favor of Dugdale on its declaratory judgment claim (Count V of its Amended Complaint) and on Alcatel's claims against Dugdale to the extent Alcatel seeks damages for non-payment of $344,552.17 of damages stemming from purchase orders Dugdale made under the BPPA. [Dkt. 61.] The Court's ruling does not bar Alcatel from pursuing damages against Dugdale for the non-payment of orders made under the VARA.

05/12/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Alan  Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com