UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUGDALE, INC., *Plaintiff/Counter-Defendant*, | ) ) ) |
| *vs.* | ) ) |
| ALCATEL-LUCENT USA, INC., *et al.*, *Defendants/Counter-Plaintiffs/Third-Party Plaintiffs*, | ) ) ) ) |
| *vs.* | ) ) |
| G3 PARTNERS, INC., *Third-Party Defendant*. | ) ) ) |

1:09-cv-0960-JMS-TAB

**ORDER ON DUGDALE'S MOTION TO PARTIALLY
RECONSIDER SUMMARY JUDGMENT ORDER REGARDING LIABILITY**

Presently pending before the Court is Plaintiff/Counter-Defendant Dugdale, Inc.'s ("Dugdale") Motion for Partial Reconsideration of the Order on Alcatel's Partial Motion for Summary Judgment on Liability. [Dkt. 197.]

**I.
STANDARD OF REVIEW**

A district court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer County Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011); *see* Federal Rule of Civil Procedure 54(b) (providing that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error

of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

"Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail." *Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485 *7 (S.D. Ind. 2009). To the same effect, a motion to reconsider is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier. *See id.* (citing in context of Rule 59(e) motion). Subsequent motions should not allow a "second bite at the apple." *Id.* at *8.

## II.
### DISCUSSION

Dugdale asks the Court to reconsider its order granting summary judgment in favor of Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Alcatel-Lucent USA, Inc., Alcatel USA Marketing, Inc., and Alcatel Interworking, Inc.'s (collectively, "Alcatel") on Dugdale's claim for fraud.[1] [Dkt. 195.]

**A. Choice of Law**

Dugdale urges this Court to reconsider its application of Indiana law to Dugdale's claims against Alcatel and to instead apply Illinois law. [Dkt. 197 at 9-10.] Dugdale argues that a true

---

[1] Dugdale does not ask the Court to reconsider the portion of its order granting summary judgment to Alcatel on Dugdale's claim for constructive fraud. [Dkt. 195 at 9-10.]

conflict exists between Indiana and Illinois law with respect to Dugdale's fraud claim because Illinois law contains a "scheme to defraud" exception that Indiana law does not. [*Id.*]

In the summary judgment order at issue, the Court explained that a federal court sitting in diversity jurisdiction must apply the choice-of-law principals of the forum state. The first step of that analysis is to determine if a true conflict exists between the laws of the forum state and the laws of the state the party wishes to apply. [Dkt. 195 at 5.] The Court ultimately concluded that Dugdale failed to make a cogent argument that Illinois law applied because its "cursory two-paragraph choice-of-law analysis" completely ignored the first step of the analysis—whether a true conflict exists between Indiana and Illinois law. [Dkt. 195 at 5-6]; *see also Int'l Admrs., Inc. v. Life Ins. Co.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985) (holding in the context of a choice-of-law analysis, "it is not the job of the trial judge to do the parties' work for them").

Dugdale ignores the Court's conclusion that Dugdale failed to make a cogent argument that Illinois law applies and, instead, argues for the first time how a true conflict allegedly exists between Indiana and Illinois law. [Dkt. 195 at 5-6.] A motion to reconsider is not the time to present new arguments that should have been presented earlier. *Brownstone Publ'g, LLC*, 2009 U.S. Dist. LEXIS 25485 at *7. Allowing Dugdale to argue on reconsideration that a true conflict exists between Illinois and Indiana law when it ignored that step of the analysis in its initial brief gives Dugdale an impermissible second bite at the apple at this late stage in the proceedings. Therefore, the Court denies Dugdale's request to reconsider its decision to apply Indiana law to Dugdale's claims.

### B. Alleged Misrepresentation Regarding Term of Verizon Contract

Dugdale requests that the Court reconsider its conclusion that Dugdale cannot sustain a fraud claim because Alcatel's alleged misrepresentations are statements of future intention that

cannot serve as the basis for fraud under Indiana law. [Dkt. 195 at 9.] Dugdale emphasizes that Alcatel represented to it that the term of the Verizon maintenance subcontract for the Advocate System was for one year when it was actually for three years. Dugdale claims that misrepresentation is a statement of existing fact sufficient to support a fraud claim. The Court did not consider the alleged misrepresentation regarding the term of the Verizon contract on summary judgment because Dugdale did not plead it in its Amended Complaint. [Dkt. 195 at 9 n.2 (*sua sponte* applying Federal Rule of Civil Procedure 9(b) to reject consideration of Dugdale's Verizon allegation).]

1. *Sua Sponte* Application of Rule 9(b)

Dugdale concedes that it did not reference the Verizon contract or plead any misrepresentations concerning that contract in its Amended Complaint. [Dkt. 197 at 4.] Dugdale argues, however, that it was improper for this Court to *sua sponte* invoke Rule 9(b) and not consider the Verizon term representation because Alcatel "had no problem denying Advocate Maintenance Fraud in its answer to the Amended Complaint" and did not raise Rule 9(b) on summary judgment. [Dkt. 197 at 5-6.] Additionally, Dugdale argues that its response on summary judgment was a "*de facto* amendment" of its Amended Complaint to which Alcatel did not object. [*Id.* at 5.] Dugdale contends that it could not have included the Verizon term representation in its Amended Complaint because it did not receive a signed copy of the Verizon contract until November 2010—four months after the deadline to amend pleadings had passed. [*Id.* at 4.]

Rule 9(b) requires that fraud be pled with particularity. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (describing Rule 9(b)'s particularity requirement as "the who, what, when, where, and how: the first paragraph of any newspaper story"). The Court has the authority to raise Rule 9(b) *sua sponte*. *See, e.g.*,

*MPC Containment Sys. v. Moreland*, 2006 U.S. Dist. LEXIS 55780 *7 n.1 (N.D. Ill. 2006) (raising heightened pleading standard *sua sponte* "because specificity is required not only for adequate notice, but also in order for the court to address the sufficiency of the claims"); *Carter v. Gibson*, 2011 U.S. Dist. LEXIS 42839 *4 n.4 (N.D. Tex. 2011) (holding that the Court may evaluate a fraud claim under Rule 9(b) *sua sponte* although the defendant did not specifically raise it).

A motion for leave to amend a complaint is generally evaluated under Rule 15(a)(2), but when a party seeks leave to amend pleadings after a deadline set by a scheduling order has passed, Rule 15(a)(2) is in tension with Rule 16(b) governing amending scheduling orders. *Alioto v. Town of Lisbon*, 2011 U.S. App. LEXIS 13841 *10 (7th Cir. 2011). Rule 16(b)(4) requires a "heightened good-cause standard" that a movant must meet before the Court considers whether the requirements of Rule 15(a)(2) are satisfied. *Id.* The "primary consideration" for a district court making a Rule 16(b) good-cause determination "is the diligence of the party seeking the amendment." *Id.* at *12-*13.

As an initial matter, Alcatel could not have raised Rule 9(b) in response to Dugdale's Amended Complaint with respect to the Verizon term representation because, as Dugdale concedes, that allegation was not included in Dugdale's Amended Complaint. While Dugdale emphasizes that it could not have included the Verizon term representation in its Amended Complaint because it did not receive a signed copy of the contract until November 2010, Dugdale could have filed a motion to amend its pleadings, citing the new evidence. Given the apparently delayed disclosure of the Verizon contract, Dugdale may well have been able to demonstrate the requisite good-cause showing required by Rule 16.

The Court disagrees that Dugdale's response to Alcatel's summary judgment motion was a "*de facto* amendment" of its Amended Complaint. [Dkt. 197 at 5.] Dugdale does not cite binding authority to support its argument and to counter the principle that particularity in the pleadings is required for adequate notice so that the parties (and the Court) are aware of the controlling allegations. The Verizon term representation is distinct from the misrepresentations Dugdale pled regarding Alcatel's intent to give Dugdale the Advocate System maintenance in the future. Therefore, in order to pursue a fraud claim based on the Verizon term representation, Dugdale should have moved to amend its pleadings.

As a final point, the Court is compelled to highlight the inconsistency of Dugdale's positions regarding pleading standards in this case. As detailed in a previous summary judgment order not at issue herein, Alcatel admitted in its Answer to Dugdale's Amended Complaint that the VARA supersedes the BPPA. [Dkt. 194 at 3 n.1.] Alcatel later moved to amend its Answer to assert that the VARA did not supersede the BPPA and assert a statute of frauds defense. [Dkt. 78.] Dugdale vehemently objected to Alcatel's request, arguing that Alcatel was unfairly changing its position late in the case. [Dkt. 90 at 4, 5 (criticizing Alcatel for attempting to argue a defense it did not plead for the first time in response to summary judgment).] The Court denied Alcatel leave to amend its Answer, [dkts. 143; 153], and Dugdale used Alcatel's previous admission, with other arguments, to successfully obtain summary judgment on $344,552.17 of Alcatel's damages claim for non-payment of goods, [dkt. 194 at 3 n.1, 6]. Dugdale's vehemence in seeking to hold Alcatel's figurative feet to the fire with its pleadings is wholly inconsistent with Dugdale's current position that its pleadings should be leniently construed.

Dugdale does not convincingly argue how the Court improperly invoked its power to *sua sponte* raise Rule 9(b) in this case. For all of these reasons, the Court rejects Dugdale's argument that it was error for the Court to *sua sponte* raise Rule 9(b).

2. Verizon Contract Terminable At Will

Even if the Court had considered the Verizon term representation on summary judgment, Dugdale's fraud claim still fails as a matter of law.

To prove a fraud claim under Indiana law, Dugdale must prove, among other things, that Alcatel made a material misrepresentation of past or existing fact. *Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000). Representations based on future conduct, or on broken promises, unfulfilled predictions, or statements of existing intent which are not executed are not actionable as fraud. *Id.*

Dugdale concedes that its fraud allegations are "based, in part, upon misrepresentations as to the future." [Dkt. 197 at 6.] As the Court pointed out in its summary judgment order, the heart of Dugdale's fraud claim is that "'Alcatel represented several things to Dugdale including that if Dugdale opened and staffed an office in Chicago, Illinois with Alcatel certified technical resources, it would provide Dugdale with a subcontract for maintenance on the entire network of [the Advocate System].'" [Dkt. 195 at 8-9 (quoting dkt. 109-3 at 2 ¶ 5).] Any representations that Alcatel "would" do something in the future are undisputedly statements of future intention that, although ultimately unfulfilled, cannot serve as a basis for fraud. *See Doe*, 227 F.3d at 990 ("Under Indiana law . . . [a]ctual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed.")

In its motion to reconsider, the only allegations that Dugdale contends are misrepresentations of past or present fact concern the Verizon contract. [Dkt. 197 at 6 (alleging that misrepresentations about the Verizon contract, including date of execution, length, parties' legal obligations, and ability to transfer Advocate maintenance were statements of present fact sufficient to support fraud claim).] In its earlier response to Alcatel's motion for summary judgment, Dugdale focused exclusively on the alleged misrepresentation regarding the length of the Verizon contract and designated evidence that it relied on that specific representation. [Dkts. 103 at 6 ¶ 12, 9; 109-3 at 8 ¶ 8 (affidavit from Bill Dugdale focusing solely on representation about length of the Verizon contract).]

A motion to reconsider is not the time to present new arguments that should have been presented earlier or to advance arguments reserved after earlier ones fail. *Brownstone Publ'g, LLC*, 2009 U.S. Dist. LEXIS 25485 at *7. Dugdale cannot use its motion to reconsider as an opportunity to refine its position and add allegations about misrepresentations regarding the Verizon contract. Therefore, the Court will focus exclusively on the misrepresentation regarding the length of the contract.

Even if Alcatel misrepresented the term of years contained in the Verizon contract, Dugdale overlooks that Alcatel could terminate that contract at will. [Dkt. 105-1 at 1 ¶ 3.2.] In other words, although Alcatel and Verizon entered into a contract to memorialize their agreement about, among other things, product pricing, payments, and liability, Alcatel and Verizon also agreed that although the anticipated term was for three years, Alcatel could terminate the contract at any time. [*Id.*] Dugdale does not dispute that Alcatel had the right to terminate the Verizon contract at any time. And in fact, Alcatel ultimately exercised that right and terminated the

Verizon contract before the three-year term expired and brought the maintenance work in-house to Alcatel. [Dkt. 125 at 11; 126-4 at 4; 126-5 at 2.]

Dugdale does not dispute that it knew that Alcatel had entered into a contract with Verizon that would expire in the future. Although Dugdale claims it would not have done business with Alcatel had it known that the term of the Verizon contract was for three years instead of one year, [dkt. 109-3 at 8 ¶ 8], that difference is immaterial given that Alcatel could (and did) terminate the contract at will and prior to the three year anniversary date. Therefore, even if the Court considers the Verizon term representation as Dugdale requests, Dugdale's fraud claim still fails as a matter of law.[2] The Court denies Dugdale's motion to reconsider.

### III.
#### CONCLUSION

For the reasons stated herein, the Court **DENIES** Dugdale's Motion for Partial Reconsideration of the Order on Alcatel's Partial Motion for Summary Judgment on Liability. [Dkt. 197.]

07/12/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Louis F. Bonacorsi
BRYAN CAVE LLP
lfbonacorsi@bryancave.com

---

[2] The Court will not address the cases Dugdale cites, [dkt. 197 at 6-7], because those cases do not address the materiality of an alleged misrepresentation. Additionally, the Court will not consider the scheme-to-defraud exception because, as Dugdale admits, that exception is only available under Illinois law. [Dkt. 197 at 9.]

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Stephen R. Snodgrass
BRYAN CAVE LLP
srsnodgrass@bryancave.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com