UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUGDALE, INC., | ) | |
|     *Plaintiff/Counter-Defendant*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| ALCATEL-LUCENT USA, INC., *et al.*, | ) | 1:09-cv-0960-JMS-TAB |
|     *Defendants/Counter-Plaintiffs/Third-* | ) | |
|     *Party Plaintiffs*, | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| G3 PARTNERS, INC., | ) | |
|     *Third-Party Defendant*. | ) | |

**ORDER ON DUGDALE'S MOTION TO RECONSIDER
SUMMARY JUDGMENT ORDER REGARDING DAMAGES**

Presently pending before the Court is Plaintiff/Counter-Defendant Dugdale, Inc.'s ("Dugdale") Motion to Reconsider Summary Judgment Order Regarding Damages. [Dkt. 276.] Dugdale asks the Court to reconsider its order granting in part Alcatel's Partial Motion for Summary Judgment on Damages, [dkt. 196], and to clarify the potential damages Dugdale can recover on its promissory estoppel claim against Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Alcatel-Lucent USA, Inc., Alcatel USA Marketing, Inc., and Alcatel Interworking, Inc.'s (collectively, "Alcatel").

**I.
STANDARD OF REVIEW**

A district court has the inherent power to reconsider interlocutory orders, as justice requires, before entry of final judgment. *Spencer County Redevelopment Comm'n v. AK Steel Corp.*, 2011 U.S. Dist. LEXIS 7985, *3 (S.D. Ind. 2011); *see* Fed. R. of Civ. Pro. 54(b) (providing that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer

than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). A motion to reconsider is appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## II.
### DISCUSSION

After the Court's prior summary judgment orders, Dugdale's only remaining claim regarding representations by Alcatel regarding Alcatel's intention to subcontract maintenance for the Advocate Healthcare System ("Advocate System") is for promissory estoppel. [Dkt. 196 at 16.] In the pertinent summary judgment order at issue, the Court held that under Indiana law, if Dugdale succeeds on its promissory estoppel claim, it would only be entitled to recover out-of-pocket expenses incurred in reliance on Alcatel's promise regarding the Advocate System—not lost profits or other expectation damages.[1] [Dkt. 196 at 7-8.] Dugdale now asks the Court to clarify what damages it can recover on its promissory estoppel claim and argues that it should be able to recover reliance damages, lost profits, damages related to closing Dugdale, and ongoing damages. [Dkt. 276 at 2.]

---

[1] Dugdale claims that "this Court apparently precluded Dugdale from recovering over $15,000,000." [Dkt. 276 at 1.] The Court did apply controlling Indiana and Seventh Circuit precedent to preclude recovery of expectation damages. But the Court in no way determined that the measure of such damages, were they recoverable, was at or even near $15,000,000.

### A. Applicable Indiana Law

There is a difference between recoverable damages on a breach of contract claim and a promissory estoppel claim. Damages for a breach of contract claim are prospective and look to put the plaintiff in the "same position it would have been in *had the contract been fulfilled*." Ind. Model Jury Instr. 3313 (emphasis added). Damages for a promissory estoppel claim, however, are not prospective and, look to place the plaintiff in "the position it would have occupied *had the promise not been made*." *Creative Demos v. Wal-Mart Stores*, 142 F.3d 367, 369 (7th Cir. 1998) (emphasis added).[2]

In *Creative Demos*, the Seventh Circuit Court of Appeals relied on the Indiana Supreme Court's decision in *First National Bank v. Logan Manufacturing, Co.*, 577 N.E.2d 949 (Ind. 1991), concluding that "in Indiana, as in most other states, promissory estoppel does not support lost-profits damages. The proper remedy is the amount necessary to restore the injured party to the position it would have occupied had the promise not been made." 142 F.3d at 369.[3] The Seventh Circuit concluded that while the plaintiff in that case may have been entitled to some damages, its reliance on the defendant's promise was actually profitable and not detrimental as re-

---

[2] At this time, an Indiana pattern jury instruction on damages for a promissory estoppel claim does not exist. Dugdale directs the Court to dicta from a Seventh Circuit case governed by Indiana law implying that a plaintiff may be able to recover the value of the promise on a promissory estoppel claim, which would be the equivalent of the expectation measure of damages in an ordinary breach of contract case. *Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 703 (7th Cir. 2004); *see also Burton v. GMC*, 2008 U.S. Dist. LEXIS 62758, *34-*35 (S.D. Ind. 2008) (citing *Garwood* for position Dugdale advocates). Dicta does not constitute precedent, however, and the case relied on by *Garwood* to support that assertion applied Illinois law and ultimately remanded the issue of appropriate damages to the Northern District of Illinois to decide that "difficult question of [Illinois] state law." *Goldstick v. ICM Realty*, 788 F.2d 456, 464 (7th Cir. 1986). The Court will not consider *Garwood* or *Burton* further, given that relevant precedential Indiana law exists.

[3] The Court cited this language from *Creative Demos* in its summary judgment order. [Dkt. 196 at 7-8.] Dugdale ignored *Creative Demos* on summary judgment and continues to ignore it in its motion to reconsider.

quired by Indiana law. Therefore, it affirmed the district court's decision to nullify the jury's promissory estoppel damages award. *Id.*

In *Logan Manufacturing*, the Indiana Supreme Court addressed a promissory estoppel claim where a plaintiff relied on a bank's representation that it would lend plaintiff money to open a business. 577 N.E.2d at 954-56. Although there were insufficient terms for the enforcement of an express oral contract and unfulfilled pre-existing conditions that prevented recovery for breach of any written contract, the court concluded that the bank had made a promise to loan plaintiff the money and that the doctrine of promissory estoppel applied. *Id.* at 955. *Logan Manufacturing* emphasized that the bank had actual knowledge that the plaintiff had relied on its representation, concluding that injustice could be avoided only by enforcing of the promise. *Id.* at 955-56.

Turning to the issue of damages, *Logan Manufacturing* concluded that the trial court had erred by awarding expectancy damages in the form of lost profits and consequential damages but had correctly awarded reliance damages in an amount consistent with what plaintiff expended in reliance on the unfulfilled promise. The Indiana Supreme Court quoted the following example from the Restatement (Second) of Contracts to support its conclusion:

> "A applies to B, a distributor of radios manufactured by C, for a 'dealer franchise' to sell C's products. Such franchises are revocable at will. B erroneously informs A that C has accepted the application and will soon award the franchise, that A can proceed to employ salesmen and solicit orders, and that A will receive an initial delivery of at least 30 radios. A expends $1,150 in preparing to do business, but does not receive the franchise or any radios. B is liable to A for the $ 1,150 but not for the lost profit on 30 radios."

*Id.* at 956 (quoting Restatement (Second) of Contracts § 90, Illustration Eight). Ultimately, the Indiana Supreme Court awarded plaintiff $73,080 in reliance damages to reimburse plaintiff for money spent preparing to move the company to the new location. *Id.* at 956.

After reviewing the applicable law, and in light of similarities between *Logan Manufacturing* and the facts of this case, the Court will apply the damages standard from *Logan Manufacturing* that was reaffirmed by the Seventh Circuit in *Creative Demos*.

**B. Dugdale's Available Damages on Promissory Estoppel**

The Court concludes that Dugdale's expansive view of the damages available on its promissory estoppel claim is unsupported by Indiana law. Dugdale's overbroad view of recoverable damages is an attempt to convert its promissory estoppel claim into a breach of contract claim. Dugdale didn't have a contract (or even a memorandum of understanding) with Alcatel regarding Advocate Maintenance and doesn't assert a breach of contract claim regarding Advocate Maintenance. Dugdale's attempt to use promissory estoppel as a vehicle to recover breach of contract damages is contrary to Indiana law.

The illustration cited by the Indiana Supreme Court in *Logan Manufacturing* is very similar to the facts at issue here. In late 2004 and early 2005, Dugdale had several communications regarding the establishment of a relationship. [Dkt. 296 at 1 ¶ 4.] During those communications, Advocate Healthcare, Alcatel's largest customer in North America, was discussed. [Dkt. 296 at 2 ¶ 5.] In July 2005, Dugdale entered into a four-year lease for office space in a suburb of Chicago. [Dkt. 296 at 2 ¶ 6.] On or about October 25, 2006, Alcatel informed Dugdale that it would not subcontract Advocate Maintenance to Dugdale. [Dkt. 296 at 2 ¶ 9.] Dugdale claims it would not have opened its Chicago office had it known it was not going to obtain the subcontract for Advocate Maintenance in the future. [Dkt. 109-3 at 8.] Dugdale seeks the same types of damages (and more) sought by the plaintiff in *Logan Manufacturing*. Nevertheless, the Indiana Supreme Court concluded that the plaintiff in *Logan Manufacturing* was only entitled to recover

reliance damages to reimburse plaintiff for money spent preparing to move the company to the new location.[4] *Id.* at 956.

For these reasons, the Court concludes that Dugdale may be able to recover reliance damages from Alcatel on the promissory estoppel claim regarding Advocate Maintenance, but Dugdale cannot recover expectation damages including lost profits, damages related to closing Dugdale, or ongoing damages. The fact finder will have to determine the amount of damages, if any, that constitute reliance damages.[5]

## III.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** Dugdale's Motion for Partial Reconsideration of the Order on Alcatel's Partial Motion for Summary Judgment on Liability to the extent that the Court clarifies its previous order regarding damages available on Dugdale's promissory estoppel claim, but otherwise **DENIES** Dugdale's request for relief. [Dkt. 197.]

---

[4] The relationship cited by the illustration in *Logan Manufacturing* was terminable at will. 577 N.E.2d at 956. Dugdale concedes that a contract did not exist between it and Alcatel for Advocate Maintenance but still argues it is improper to assume on summary judgment that if there had been a contract it would have been terminable-at-will. [Dkt. 292 at 4 n. 4.] Dugdale is implicitly asking the Court to assume that a non-existent contract with Alcatel would <u>not</u> have been terminable-at-will. The Court only makes inferences in favor of the non-movant on summary judgment that are supported by evidence, *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), and there is no evidence supporting a term relationship for a contract that did not exist. Therefore, any distinction between the at-will relationship in the illustration in *Logan Manufacturing* and this case is immaterial.

[5] Of course, reliance damages are not a guarantee. Among other things, the fact finder may conclude that Dugdale's decision to rely on Alcatel's representations and open a Chicago office without a contract for Advocate Maintenance was not reasonable, given the fact that Dugdale claims its Chicago office was not financially viable without revenue from the Advocate Maintenance work. [Dkt. 109-3 at 8.] Additionally, if there is evidence supporting Alcatel's representations that the Chicago office was profitable, recovery on the promissory estoppel claim may be precluded on the basis that Dugdale's reliance was not detrimental. *Creative Demos*, 142 F.3d at 369.

08/01/2011

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Louis F. Bonacorsi
BRYAN CAVE LLP
lfbonacorsi@bryancave.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jboyers@woodmclaw.com

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Stephen R. Snodgrass
BRYAN CAVE LLP
srsnodgrass@bryancave.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Scott A. Weathers
THE WEATHERS LAW OFFICE
scott@sawlaw.net

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com